REDMANN, Judge.
Firefighter Roy Woodruff was suspended for two days (with his partner, who never contested the suspension) by letter reciting:
You . . . were assigned to the Emergency Unit when a portable radio was reported missing. You stated at the administrative hearing . . that it probably was stolen . . . probably . when you responded to a call.
The fact is that this vital piece of equipment was under your care . . , and whether it was stolen or lost does not relieve you of this responsibility. This is not a cumbersome piece of equipment that would hamper you in your work performance, on the contrary it is a very beneficial piece of equipment that could be used for instant communications and certainly you could have carried it by hand, on the belt or over the shoulder but under no circumstances should this piece of equipment have been left unattended.
Because of your careless act . I am ordering you suspended for a period of 2 days.
I call your attention to the fact that this is a vital and expensive piece of equipment and not only does it cost money to replace it but in the hands of the wrong person this could severely hamper the communications of the New Orleans Fire Department. .
The Civil Service Commission, by a two-to-one decision, sustained Woodruff’s appeal from the suspension, on a conclusion that the superintendent’s letter of suspension (in addition to reciting the factually-correct charges quoted above) incorrectly charged Woodruff with violating Regulation 10:03: “In the absence of any officer designated to perform certain duties, his immediate junior or other designated member shall perform those duties.”
We agree with the Commission majority that Woodruff’s actions alone do not constitute a violation of the cited regulation. However, the Commission’s reliance on the principle that an appellant “is entitled to know the charges pending against him prior to a hearing on those charges” is inappropriate here, because this appellant knew precisely the charge against himself, as our lengthy quotation of the letter of suspension shows.
The only constitutional protection is against “disciplinary action except for cause expressed in writing”, La.Const. art. 10 § 8(A). See Branighan v. Department of Police, La.App. 4 Cir. 1978, 362 So.2d 1224. Woodruff was disciplined for cause expressed in detail in writing. That the writing also referred to an inappropriate departmental regulation does not invalidate the disciplinary action, which, for the cause expressed, was within the discretion that inescapably must repose in the superintendent.
The decision of the Commission is reversed and Firefighter Woodruff’s appeal to the Commission is dismissed at his cost.